# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WEAVER ENTERPRISES, INC., ETC.,** | |
| Plaintiff, | Case No. 7:17CV00064 |
| v. | **OPINION** |
| **EAST TENNESSEE NATURAL GAS LLC, ETC., ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*C. Richard Cranwell, Cranwell & Moore, P.L.C., Roanoke, Virginia, and William B. Hopkins, Jr., Martin, Hopkins & Lemon, P.C., Roanoke, Virginia, for Plaintiff and Counter Defendant Weaver Enterprises, Inc.; Lela M. Hollabaugh, Bradley Arant Boult Cummings LLP, Nashville, Tennessee, and Roy David Warburton, Warburton Law Offices, Pulaski, Virginia, for Defendant and Counterclaimant East Tennessee Natural Gas, LLC, and Matthew P. Pritts and Justin E. Simmons, Woods Rogers PLC, Roanoke, Virginia, for Defendant Appalachian Power Company.*

This case, involving the disputed interpretation of a property easement, was removed from state court. The plaintiff has moved to remand the case on the ground that this court lacks subject-matter jurisdiction. For the reasons that follow, I find that federal jurisdiction has not been shown, and will remand the case.

I.

The basic facts are not in material dispute. East Tennessee Natural Gas, LLC ("East Tennessee") is a natural gas transmission company that operates interstate gas pipelines in several states, including Virginia. In 2002, it filed an

action in this court seeking a condemnation order granting a perpetual easement for a 24-inch-diameter gas pipeline across certain land located in this judicial district and owned by the plaintiff Weaver Enterprises, Inc. ("Weaver").[1]  In 2006, the parties settled the case.  The only written memorials of the settlement are (1) a document entitled "Release in Full" which references the condemnation suit filed by East Tennessee and the payment amounts made to Weaver for the actual easement and for damages to the remainder of Weaver's land, and (2) an order by a judge of this court entered July 7, 2006, styled as "Agreed Order Granting East Tennessee Right-of-Way and Easement (the "Agreed Order").  The Agreed Order provides in full as follows:

It appears to the Court, as evidenced by the signature of counsel below, that the parties are in agreement that East Tennessee Natural Gas Company should be granted a right-of-way and easement through and across the property that is the subject matter of this lawsuit and as set forth in the Complaint and the amended exhibits thereto.

> Weaver will have right to cross the right of way in a manner consistent to East Tennessee's policies and procedures and upon receipt of ETNG's permission for such crossing.  However, East Tennessee agrees it will not unreasonable [sic] withhold its permission for such crossings.

---

[1]  East Tennessee has a right of eminent domain granted by federal law which right may be exercised in either state or federal courts.  *See* 15 U.S.C. § 717f(h).

> East Tennessee agrees that entry to the property will be by roads on the property (existing) at the time of the entry except in the case of an emergency. In the event of an emergency East Tennessee may enter the property where it deems appropriate to abate the emergency.
>
> All other matters have been settled between the parties and the parties are in agreement that the funds on deposit with the Court for this action should be refunded to Plaintiff, East Tennessee Natural Gas Company, c/o Lela Hollabaugh at the address below.
>
> IT IS SO ORDERED.

Answer & Countercl., Ex. A, ECF No. 13.

On February 7, 2017, Weaver filed suit in state court against East Tennessee and Appalachian Power Company ("APCO"), a public service company providing electric power in Virginia. Weaver's Complaint recites that APCO has obtained by agreement an easement to build a 138-kilovolt electric power line across Weaver's property "mostly parallel and contiguous" to East Tennessee's gas pipeline. Compl. ¶ 9. ECF No. 1-1. Weaver alleges that because of this power line, East Tennessee desires to build a "cable and steel underground grid to protect its gas line." *Id.* ¶ 12. East Tennessee contends that the gas line easement obtained in 2006 allows it the privilege of this additional work; Weaver contends to the contrary. Weaver seeks a declaration that East Tennessee did not obtain the right under its existing easement to perform the desired work.

East Tennessee timely removed Weaver's state action to this court, with codefendant APCO's consent. East Tennessee asserts that the subject-matter

jurisdiction of this court exists under 28 U.S.C. § 1331, providing jurisdiction of civil actions arising under the laws of the United States, on the ground that "Plaintiff seeks a determination of the scope of an Order by this Court pursuant to authority granted by 15 U.S.C. 717f(h) and necessarily involves the interpretation of federal laws, including the Natural Gas Act and the Natural Gas Pipeline Safety Act." Notice of Removal 3, ECF No. 1. It also contends that federal subject-matter jurisdiction exists under 28 U.S.C. § 1337(a), providing for jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce." *Id.*

Following its removal of the action to this court, East Tennessee filed an Answer and Counterclaim, alleging that because of APCO's construction of the high voltage power line, which parallels the gas pipeline for approximately three miles on Weaver's property, East Tennessee must install an "Alternating Current ('AC') mitigation system . . . . in order to comply with federal law and to ensure the integrity and safety of its pipeline." Countercl. ¶¶ 13-14, ECF No. 12. East Tennessee seeks a declaration by the court that the terms of its existing easement permit it to install the AC mitigation system.[2]

---

[2] Weaver sought a preliminary injunction from the state court barring East Tennessee from going on its property, but the case was removed to this court before the hearing date on that request. East Tennessee has filed in this court a motion seeking a preliminary injunction preventing Weaver from interfering with construction of the

Weaver's Motion to Remand has been fully briefed and argued and is ripe for decision.[3]

II.

As the Supreme Court has held, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The right to remove a civil case from state court requires that the federal court have original jurisdiction over the cause of action. 28 U.S.C. § 1441(a). I am required to strictly construe removal jurisdiction, and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

The first ground in support of subject-matter jurisdiction is based upon the Agreed Order. East Tennessee argues simply, without citation to authority, that

---

proposed AC mitigation system. In view of my ruling, I cannot consider those motions requesting injunctions.

[3] Weaver has also filed a Motion to Dismiss East Tennessee's Counterclaim for lack of subject-matter jurisdiction. ECF No. 28. The arguments are the same as made on the Motion to Remand. Since I will grant the Motion to Remand, it is unnecessary to rule on the Motion to Dismiss.

this court has the jurisdiction "to interpret its own orders" in a closed case. Mem. Opp'n Mot. Remand 4, ECF No. 31. I find no basis for this argument. Unless the court expressly retains jurisdiction to interpret a settlement agreement or expressly creates an obligation to comply with the terms of the settlement, subject-matter jurisdiction is not created in a later action based solely on the prior dismissed case. *See Kokkonen*, 511 U.S. at 381. "Where a court merely recognizes the fact of the parties' agreement and dismisses the case because there is no longer a dispute before it, the terms of the agreement are not made part of the order and consequently will not serve as a basis of jurisdiction." *Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002). Moreover, the court's order must give a "clear indication" that it is incorporating the settlement terms or retaining jurisdiction over the agreement, a rule that is "'adhered [to] strictly.'" *Id.* (citations omitted).

It is pellucid that the 2006 Agreed Order did not retain jurisdiction to interpret or enforce the parties' settlement that established the easement in question. It simply recites that "the parties are in agreement that East Tennessee Natural Gas Company should be granted a right-of-way and easement through and across the property that is the subject matter of this lawsuit and as set forth in the Complaint and the amended exhibits thereto." Answer & Countercl. Ex. A, ECF No. 13. While two following paragraphs of the Agreed Order recite additional terms concerning access to and across the easement by the parties, those provisions

are not involved in the present dispute. The final paragraph of the Agreed Order simply orders that funds on deposit with the court be returned to East Tennessee, a matter not at issue in this case.

The other jurisdictional ground asserted by East Tennessee similarly does not pass muster. Paragraph 8 of the Complaint filed by East Tennessee in its 2002 condemnation case provided, in pertinent part, as follows:

> The interest to be acquired in the lands described in Exhibit 1 and Exhibit 2 and the use therefore is a perpetual easement and right-of-way for the purposes, presently and at any such time in the future as Plaintiff may elect, of constructing, maintaining, operating, renewing, repairing, relocating, removing and/or replacing the certificated pipeline in a manner consistent with the FERC's regulations, a pipeline for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by Plaintiff to be necessary or desirable in connection with such line.

Mem. Opp'n Mot. Remand, Ex. A, ECF No. 31-1. East Tennessee asserts that a federal regulation, 49 C.F.R. § 192.467(f), requires the installation of an AC mitigation system in the present circumstances, where a gas pipeline is in close proximity to electrical transmission tower footings. Mem. Supp. Mot. Prelim. Inj. 3, ECF No. 17.

As East Tennessee correctly points out, where a plaintiff's declaratory judgment action relies solely on state law, federal removal jurisdiction may still exist if the federal right to be litigated belongs to the declaratory judgment defendant, rather than to the plaintiff. *Columbia Gas Transmission Corp. v.*

*Drain,* 237 F.3d 366, 370 (4th Cir. 2001). Nevertheless, "[f]or a federal court to have jurisdiction in these circumstances, the federal issue must be (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Pressl v. Appachian Power Co.,* 842 F.3d 299, 303 (4th Cir. 2016) (internal quotation marks and citations omitted). All four requirements must be met. *Id.*

The federal regulation cited by East Tennessee, 49 C.F.R. § 192.467(f), does require it to provide its pipeline with protection against electrical faults or other dangers from the adjacent electrical transmission tower footings. However, that requirement is not contested by Weaver and would not have a substantial effect on the court's determination of the scope of the easement in question. East Tennessee undoubtedly has the obligation to satisfy the federal regulation, but whether it must do so by new agreement with the landowner or by the use of its eminent domain power, or whether it already has that right, does not make federal law a substantial and disputed issue in this case.[4]

---

[4] East Tennessee seeks to distinguish the Fourth Circuit's recent *Pressl* case, in which the court found no federal subject-matter jurisdiction over a declaratory judgment action seeking to interpret a flowage easement granted to APCO, which easement was related to APCO's Smith Mountain hydroelectric project, operated by APCO under license of the Federal Energy Regulatory Commission ("FERC"). The Fourth Circuit held that because the most important factor in interpreting an easement is the language of the easement itself, consideration of APCO's federal license was unnecessary and did not support federal jurisdiction. 842 F.3d at 304-05. East Tennessee argues that the present

III.

For the foregoing reasons, the Motion to Remand will be granted by separate order.

        ENTER: April 10, 2017

        /s/  James P. Jones
        United States District Judge

---

case is different, since the present easement contains an express reference to FERC regulations.  I am not persuaded.  East Tennessee argues that the easement in question allows it to install the AC mitigation system by virtue of its right to construct all "appurtenances" to the pipeline as deemed "necessary or desirable."  Brief in Opp'n to Temporary Inj. 5-6, ECF No. 20.  But the FERC language in the easement modifies "construction" and not "appurtenances."  Moreover, the regulation relied upon, 49 C.F.R. § 192.467(f), is that of the U.S. Department of Transportation, and not FERC.